**443]** *CINCINNATI WATER COMPANY *v.* THE CITY OF CINCINNATI.

Where a plaintiff recites a special title in his declaration conducing to his cause of action, as an ordinance of a city corporation, he must set it out in terms.

THIS was an action on the case, reserved from the county of Hamilton.

The declaration alleged that on March 31, 1817, the town council of the city of Cincinnati, by their certain ordinance, granted to the Cincinnati Manufacturing Company, their heirs, successors, and assigns, the exclusive privilege of conveying water, by tubes or otherwise, from the Ohio river, through the streets, alleys, etc., of the city of Cincinnati, for the purpose of supplying the inhabitants, etc., for the term of ninety-nine years, *upon certain terms, in said ordinance expressed*. That on March 18, 1820, the Cincinnati Manufacturing Company duly assigned all their interests and privileges, acquired under said ordinance, to one Samuel W. Davies, who, with his associates, on January 7, 1826, were duly incorporated under the name of the Cincinnati Water Company. That the Cincinnati Water Company thus acquired the exclusive privileges so granted by the city, and became possessed of all the buildings, machinery, pipes, reservoirs, etc., of the Cincinnati

Cincinnati Water Co. *v.* City of Cincinnati.

water-works, and became and were the owners, and were pos-sessed of divers pipes, etc., located in divers streets, alleys, etc., which were particularly specified and described in the declara-tion. That the Cincinnati Water Company being so possessed, etc., and enjoying great profits, etc., the city of Cincinnati, not ignorant of the premises, but contriving and intending to injure and oppress the Cincinnati Water Company, and to deprive them of the profits, etc., and to put them to a great expense in remov-ing and replacing said pipes, etc., by a certain ordinance of the city council, did order and direct, and cause the said streets and alleys to be dug down, torn up, and the water pipes, etc., therein located, to be dug up and destroyed, etc., and compelled the Cin-cinnati Water Company to replace their pipes, etc.

The defendants demurred generally. The court of common pleas sustained the demurrer, and the plaintiffs appealed to this court.

*STORER and Fox, in support of the demurrer :                 [444

We insist that the ordinance under which the plaintiffs derive their rights, and which is treated by them as a contract between the city and the manufacturing company, is not sufficiently set out.

If the plaintiffs have any foundation for the privilege they claim, and which they insist has been greatly injured, it is material to understand, specifically, the nature, extent, and character of their right. It is admitted that the right was granted on certain conditions; and it is therefore contended by the defendants that these conditions must be set forth specially, that it may appear how far the plaintiffs have complied, or neglected to comply, with their part of the contract. If there should be any conditions prec-edent, to be performed by the party seeking a remedy, it must be yielded at once that the account of performance should be full and positive.

Whether, then, we regard the instrument, by which the privilege was granted, as a contract on the part of the town, duly entered into by its authorized agents, or merely an ordinance or by-law conferring a right, we insist the whole instrument must be set out in the pleadings of the plaintiffs.

The by-laws or ordinances of a corporate body, having legisla-tive power, like all private acts of the legislature, can not be taken notice of by courts unless they are specially pleaded. 1 Chitty's Pl. 211 ; 6 Bac. Ab. 395 ; Howard's case, 4 Co. 76. And

there is a peculiar reason why the whole by-law should be set out, as the court are bound to know whether it is lawful, reasonable, and just, in the language of Lord Coke. 8 Rep. 126, "*legi, fidei, rationi causona.*"

As it is the exercise of power, by an inferior jurisdiction, the court should know judicially whether that power has not been exceeded. 2 Burr. 177. And if it should appear on the record to be such an act that the corporation had no power to do, the court would be bound to disregard it.

The Mayor, etc., of New York, *v.* Ordrender, 12 Johns. 122; 6 Pick. 187. Vandine petitioned for a writ of *certiorari* against the city of Boston. In this case Chief Justice Parker expressly decides the point we have assumed, as to the necessity of pleading specially the whole by-law.

**445]** *It seems, therefore, clear to us, that the instrument should be fully set out.

If the plaintiffs regard the grant of their privilege as a contract between the manufacturing company and the city, the rule we have relied on will, *a fortiori*, hold good.

It can not be disputed, that in declaring on a contract, the whole consideration must be stated, and no part of it can be omitted; and if any proviso or condition in the contract constitute a condition precedent, or there be any matter which qualifies the contract, or goes in discharge of the liability of the defendant, it must be stated. 1 Chit. Pl. 301, 302.

The plaintiffs can not urge that it is for the defendants to plead such matter in their defense. If they were bound to perform any precedent duty their cause of action was entirely dependent upon such performance. Nor can it be said, with any legal propriety, that there are no such precedent conditions, because they do not appear to the court. The whole contract is not set out; it can not, therefore, be inferred what it is; and until its conditions are ascertained it seems clear no correct adjudication can be had.

HAMMOND, contra:

The defendants demur generally; and, in argument, allege two grounds of demurrer:

*First.* Because the ordinance conferring the right is not set out at large.

*Second.* Because the action is not sustainable at all.

Cincinnati Water Co. *v.* City of Cincinnati.

Upon the first point I am not able to perceive the force of the argument, nor the application of the authorities upon which the defendants rely.   The recital of the ordinance, as the foundation of the right, imposes upon the plaintiffs the obligation of producing and proving it at the trial.   It is but matter of inducement to the action, and not that upon which the action is grounded. When produced at the trial, its terms and conditions are open for inspection.   And, upon the whole case, the court can then adjudicate upon what rights it is created, whether the plaintiffs are in possession of those rights, and whether the injuries complained of violate them.   When deeds, grants, or contracts are alleged only *by way of inducement, as tracing a right in the plaint- [446 iff, it is not necessary to recite them at large, although it is necessary to allege and prove them.   This seems to me the plain good sense of the case, and altogether consistent with the authorities cited for the defendants.   I am not, however, solicitous about it, for I trust that if the court consider the exception well taken, they will permit us to amend.

By the Court:
The plaintiff might, perhaps, have rested his title upon his possession, but he has chosen to set out his title, and he must therefore set out a good title.   1 Chit. Pl. 215.   He claims title under an ordinance of the city of Cincinnati, and from his own showing it appears that his rights depend "upon certain terms in said ordinance expressed."   It does not appear what those terms are, or whether they are such as give him any rights. (*a*)
Demurrer sustained.

---

(*a*) A plaintiff, who is to recover upon the strength of his own case, is to show that sufficiently to entitle himself.   13 East, 112; 1 Bos. & Pul. 97.